IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Martinez Demetrius Gaines,     )
     )
     Petitioner,     )
     )     Civil Action No. 0:25-13979-BHH
v.     )
     )     **ORDER**
Warden, Allendale Correctional     )
Institution,     )
     )
     Respondent.     )
_____)

This matter is before the Court on Petitioner Martinez Demetrius Gaines' ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On March 16, 2026, the Magistrate Judge filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this § 2254 petition without prejudice and without requiring Respondent to file a response based on Petitioner's failure to exhaust his available administrative remedies. (ECF No. 13.) Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy. On April 2, 2026, Petitioner filed objections to the Report. (ECF No. 15.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

In his objections, Petitioner asserts that he did not understand the question of whether he exhausted his state remedies, and he states that he "reached out to the Clerk of Greenville, SC, discussed options with [his] lawyer and was told to contact other sources which led [him] to file in Columbia.  (ECF No. 15 at 1.)  He then repeats his claim that he spent 479 days in pretrial detention prior to his sentencing and asks to receive credit for this time.  (*See* ECF Nos. 1 at 1; 15 at 2.)

Here, after *de novo* review, the Court finds Petitioner's objections unavailing, and the Court fully agrees with the Magistrate Judge that this petition is subject to summary dismissal because it is clear that Petitioner has not exhausted his state court remedies. Accordingly, the Court agrees with the Magistrate Judge that this case should be dismissed so Petitioner can raise his claim in South Carolina's courts in the first instance.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13); the Court overrules Petitioner's objections (ECF No. 15); and the Court dismisses this petition without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 3, 2026
Charleston, South Carolina

2